ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **UNIVERSIDAD DE PUERTO RICO representada por su Presidente LUIS A. FERRAO DELGADO y el RECINTO UNIVERSITARIO DE MAYAGÜEZ, representada por el Rector AGUSTÍN RULLÁN TORO**<br><br>Recurridos<br><br>v.<br><br>**FEDERACIÓN LABORISTA DE EMPLEADOS UNIVERSITARIOS DEL RECINTO UNIVERSITARIO DE MAYAGÜEZ representado en este acto por su Presidente DANIEL ECHEVARRÍA, FULANO DE TAL, SUTANO DE TAL**<br><br>Peticionarios | KLCE202301057 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Mayagüez**<br><br>Civil Núm.:<br>**MZ2023CV01404**<br><br>Sobre:<br>Injunction |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente.

### RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de septiembre de 2023.

Comparece ante este Foro la Federación Laborista de Empleados Universitarios del Recinto de Mayagüez, (Federación Laborista, FLEURUM o parte peticionaria) y solicita que revisemos la *Resolución y Orden* emitida el 25 de agosto de 2023, notificada el 8 de septiembre de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de Mayagüez. Por medio de dicha decisión, el TPI determinó que ostentaba jurisdicción sobre la materia y sobre la persona para atender el recurso de *Injunction* instado por la Universidad de Puerto Rico y el Recinto Universitario de Mayagüez (parte recurrida), en cuanto al acceso a las instalaciones del Recinto Universitario de Mayagüez (RUM).

Número Identificador
RES2023 _____

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari* solicitado.

I.

Según surge del expediente, el 14 de agosto de 2023, la Universidad de Puerto Rico y el Recinto Universitario de Mayagüez, presentaron una *Demanda de* Entredicho Provisional, *Injunction* Preliminar y Permanente en contra de la FLEURUM. Ello, relacionado a varias manifestaciones organizadas por dicha Federación en la UPR-RUM durante el mes de agosto, específicamente los días 2 y 10 de agosto de 2023, donde se manifestaron en el portón del Departamento de Edificios y Terrenos, el cual fue bloqueado por zafacones y miembros de esa organización impidieron el acceso de los empleados que allí trabajan.

En esencia, la Universidad de Puerto Rico y el Recinto Universitario de Mayagüez alegaron que un grupo de empleados pertenecientes a la FLEURUM impidió la entrada de los estudiantes, profesores y empleados a la institución el primer día de clases del semestre agosto-diciembre de 2023. Añadieron que, como consecuencia de la manifestación, la universidad amaneció totalmente cerrada con los accesos bloqueados por miembros de la FLEURUM. Adujeron que dicha acción concertada de la FLEURUM tenía la intención específica de paralizar todas las funciones académicas y administrativas del RUM, lo cual es ilegal y no forma parte de la libertad de expresión. A su vez, argumentaron que la acción concertada de la FLEURUM le causaba un daño y peligro inminente y que no tenían otro remedio en ley para proteger los derechos de la comunidad universitaria a la que representaba. Específicamente, esbozaron que la acción de la parte demandada no estaba cobijada bajo el derecho a la libre expresión y/o asociación, toda vez que no tenían derecho a obstaculizar las funciones de

trabajo y enseñanza de miles de estudiantes y empleados docentes y no docentes de la UPR-RUM.

Así las cosas, la Universidad de Puerto Rico y el Recinto Universitario de Mayagüez solicitaron al TPI los siguientes remedios:

1. Dictara orden de entredicho provisional al amparo de la Regla 57.1 de las de Procedimiento Civil ordenando a la parte demandada cesar y desistir de bloquear y cerrar los portones e impedir el libre acceso a las facilidades de la UPR-RUM.

2. Dictara Sentencia de remedio interdictal al amparo del artículo 277 de la Ley de Estorbo Público de Puerto Rico, 32 LPRA 2761, declarando estorbo todo vehículo, valla u objeto colocado en los portones y acceso a la UPR-RUM y ordenando su remoción inmediata.

3. Expidiera orden de interdicto preliminar instruyendo a la parte demandada cesar y desistir de las actuaciones que estaban causando daño irreparable a la UPR- RUM, sus empleados, estudiantes, contratistas y la comunidad en general y evitando así que los demandados continúen impidiendo la entrada y salida al Recinto, prohibiendo la realización de cualquier otra actividad que bloquee los accesos al RUM y obstruya las labores académicas y de cualquier otra naturaleza.

4. Ordenara la celebración de una vista sobre interdicto permanente ya que las acciones concertadas de la FLEURUM son repetidas y continuamente paralizan las funciones de la universidad causando daños irreparables.

El 15 de agosto de 2023 el Tribunal, a solicitud de la Universidad de Puerto Rico y el Recinto Universitario de Mayagüez, emitió una *Orden* de entredicho provisional, y señaló vista de i*njunction* para el 25 de agosto de 2023. El foro *a quo* ordenó a la FLEURUM cesar y desistir inmediatamente de continuar bloqueando y cerrando los portones del RUM e impidiendo el libre acceso a las facilidades de la Universidad de Puerto Rico, Recinto Universitario de Mayagüez. Asimismo, decretó que la FLEURUM debía remover cualquier vehículo u objeto que esté impidiendo o interfiriendo con el libre acceso a la institución de manera inmediata. El TPI destacó que, durante la vigencia de la *Orden*, la FLEURUM debía abstenerse de llevar a cabo cualquier acto que

tenga el efecto de bloquear, impedir o interferir con cualquiera de los portones y accesos al RUM.

La FLEURUM compareció mediante representación legal el 25 de agosto de 2023, sin someterse a la jurisdicción. En la vista de *injunction,* la FLEURUM solicitó la desestimación de la demanda de autos por las siguientes razones; (1) falta de jurisdicción sobre la persona, debido a que, según alegado, la FLEURUM no había sido emplazada conforme a derecho, y (2) por falta de jurisdicción, por la prohibición de los tribunales de emitir *injunctions* conforme a la Ley Núm. 50 de 4 de agosto de 1947, según enmendada, conocida como "*Ley para Limitar la Facultad de los Tribunales para Expedir Injunctions en Casos de Disputas Obreras*" (en adelante Ley Núm. 50).

Luego de escuchar los argumentos de ambas partes y evaluar los documentos que obran en el expediente, el Tribunal de Primera Instancia emitió el dictamen que hoy revisamos. A través de este, y en lo concerniente al asunto bajo nuestra consideración, el TPI denegó la solicitud de desestimación incoada por la FLEURUM. Particularmente, concluyó que tiene jurisdicción sobre la materia y sobre la persona para atender el recurso de injunction de la UPR y el RUM, en cuanto al acceso a las instalaciones del RUM. El foro primario hizo las siguientes expresiones:

> Por otro lado, de las alegaciones presentadas en la demanda, no surge que en el presente caso se fuera a atender ninguna disputa obrera. De hecho, las alegaciones presentadas que dieron base a la emisión del entredicho provisional se desprende que el asunto planteado y ante nuestra consideración es un asunto de acceso a las facilidades del Recinto Universitario de Mayagüez (en adelante RUM) y van dirigidas exclusivamente a que se cerraron todos los accesos al RUM, impidiendo el acceso a profesores, estudiantes, contratistas y demás personal; lo que afectó el sistema público de enseñanza en dicho recinto.

En desacuerdo, el 25 de septiembre de 2023, la FLEURUM acudió ante nos y alega que el foro *a quo* cometió el siguiente error:

Erró el Tribunal de Primera Instancia al no permitir la celebración de una vista y el correspondiente desfile de prueba para determinar si en el presente caso es de aplicación la Ley Núm. 50 de 4 de agosto de 1947, Ley para Limitar la Jurisdicción de los Tribunales en la Expedición de Injunctions en Disputas Obreras.

Junto a su recurso, la FLEURUM instó una *Solicitud de Auxilio de Jurisdicción*. En esta, requirió la paralización de los procedimientos ante el TPI por entender que este no tiene jurisdicción sobre la materia. Además, solicitó que dejáramos sin efecto la *Resolución y Orden* emitida por el TPI y le ordenáramos a dicho foro que dilucidara a base de la prueba, si el caso de autos trata de un asunto que surge de una disputa obrero-patronal, por lo cual la solicitud de *injunction* presentada por la UPR y el RUM debía ser evaluada conforme a las disposiciones de la Ley Núm. 50 de 1947. El 25 de septiembre de 2023 emitimos *Resolución*, a los fines de declarar *no ha lugar* la solicitud de paralización de la FLEURUM.

A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho...". Ante ello, prescindimos de la comparecencia de la Universidad de Puerto Rico y el Recinto Universitario de Mayagüez.

II.

A.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, ya sean procesales o sustantivos. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *León v. Rest. El Tropical,* 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.

52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019).

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró,* 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
>
> 4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede

o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas, por lo que le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

B.

La *Ley para Limitar la Jurisdicción de los Tribunales en la Expedición de Injunctions en Disputas Obreras*, Ley Núm. 50 de 4 de agosto de 1947, según enmendada, 29 LPRA sec. 101 *et seq.*, establece que ningún tribunal de justicia de Puerto Rico tendrá jurisdicción para expedir orden alguna de entredicho o de injunction preliminar o permanente en un caso que envuelva o que surja de una disputa obrera, salvo de estricta conformidad con las disposiciones de esta ley. Artículo 1 de la Ley Núm. 50.

El Artículo 2 de la mencionada Ley, 29 LPRA sec. 102, dispone los actos específicos exentos de órdenes de entredicho o de injunction. En lo que nos atañe, estos son:

[...]

(b) Los tribunales de justicia de Puerto Rico para expedir órdenes de entredicho o de injunction preliminar o permanente en caso de actos ilegales, violentos o torticeros en los que pueda o puedan incurrir cualquier persona o personas participantes o interesadas en una disputa obrera. Además, los tribunales de justicia de Puerto Rico tendrán jurisdicción para expedir órdenes de entredicho o de injunction preliminar o permanente en caso de:

(1) actos intencionales, vandálicos, torticeros o de intimidación contra terceros que atenten contra la paz, la dignidad humana o la privacidad; o

(2) actos que constituyan perturbaciones que fueren perjudiciales a la salud o a los sentidos, o que interrumpan el libre uso de la propiedad, de modo

que impidan el cómodo goce de la vida o de los bienes; o

(3) el parar, detener, o estacionar un vehículo, dejarlo abandonado en las vías públicas en forma tal que estorbe u obstruya el tránsito o cuando por circunstancias excepcionales se hiciere difícil el fluir del mismo; o

(4) cualquier otro acto, que configure la conducta de un estorbo público según definido en nuestro ordenamiento;

(5) que provoque daño a la propiedad de terceros; o

(6) actos de incautación de las facilidades del patrono mediante obstrucción física al acceso a la propiedad, acoso, acecho, intimidación, daños a la propiedad o amenazas.

Cónsono con lo anterior, el Art, 4 (c) de la Ley Núm. 50 define el término "disputa obrera" como aquel que incluye cualquier controversia relativa a término o condiciones de empleo o relativa a la asociación o representación de personas al negociar, fijar, mantener, cambiar, o tratar de llegar a un acuerdo sobre términos o condiciones de empleo, aunque las partes se encuentren o no en la relación inmediata de patrono y empleado. 29 LPRA sec. 106.

III.

En síntesis, la parte peticionaria alega que la solicitud de *injunction* presentada por la parte recurrida está relacionada con controversias obrero-patronales existentes entre la UPR y los empleados unionados de la FLEURUM, así como las acciones concertadas de la FLEURUM dirigidas a que el patrono atienda los justos reclamos de los empleados. Añade que las disputas obrero-patronales se desprenden diáfanamente de una comunicación circulada por la FLEURUM el día de la manifestación del 14 de agosto de 2023. Discute que, el hecho de que hubiese empleados manifestándose frente a los portones del recinto demuestra por sí mismo que se trataba de una disputa obrero-patronal. Así, alega que una vez se establece este hecho, procede que se apliquen los requisitos dispuestos en la Ley Núm. 50.

Por lo anterior, la parte peticionaria argumenta que el foro primario carece de jurisdicción para entender en la demanda de *injunction* presentada por la parte recurrida. Arguye que el TPI debe permitir una vista evidenciaria a los fines de dilucidar jurisdicción sobre la materia al amparo de la Ley Núm. 50, *supra*, legislación especial sobre la materia. No le asiste la razón.

Según expuesto, mediante el pronunciamiento impugnado, el Tribunal de Primera Instancia concluyó que al caso de autos no le es de aplicación la Ley Núm. 50 y determinó que tiene jurisdicción sobre la materia y sobre la persona para atender la demanda de *injunction* **en cuanto al acceso a las instalaciones del RUM**. Ello, toda vez que de la demanda no surgían alegaciones sobre ninguna disputa obrera. El tribunal fue claro en apuntar que la demanda bajo su consideración versa sobre un asunto de acceso a las facilidades del RUM, dirigidas exclusivamente a que se cerraron todos los accesos al RUM, impidiendo el acceso a profesores, estudiantes, contratistas y demás personal; lo que afectó el sistema público de enseñanza en dicho recinto. También el Tribunal fue claro en expresar que, al emitir la orden de entredicho provisional, nunca entró; ni entrará, **al evaluar los méritos del interdicto preliminar y permanente**, **en ningún aspecto laboral.**

Luego de revisar el expediente del caso de epígrafe y el derecho aplicable, entendemos que, aunque la controversia es revisable conforme a la Regla 52.1 de Procedimiento Civil, *supra*, por tratarse de una denegatoria de una moción de carácter dispositivo— resulta evidente que no nos encontramos en el momento idóneo para intervenir con la disposición discrecional del foro primario. Ello, toda vez que la continuación de la vista de *injunction* permanente ya dio inicio y continuará los días 26 y 28 de septiembre de 2023. Por tanto, denegamos expedir el auto solicitado. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

Advertimos que la denegatoria de un recurso de *certiorari*, no prejuzga los méritos del asunto o la cuestión planteada, y, por tanto, la misma puede ser reproducida nuevamente mediante el correspondiente recurso de apelación. *García v. Padró*, supra, citando a *Núñez Borges v. Pauneto Rivera*, 130 DPR 749(1992). Por tanto, de surgir alguna circunstancia dentro de los procedimientos del caso, las partes tendrán la oportunidad de acudir ante este foro, de entenderlo necesario.

IV.

Por los fundamentos que preceden, denegamos la expedición del auto de *certiorari* solicitado.

Notifíquese **inmediatamente.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones